567 A.2d 768

**Josephine STOREY; Braintrim Township; Wyoming County and Wyalusing Area School District, Appellants,**

**v.**

**SUSQUEHANNA COUNTY BOARD OF ASSESSMENT, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Dec. 15, 1989.

James E. Davis, Farr, Davis & Fitze, Tunkhannock, for appellants.

Robert G. Dean, Montrose, for appellee.

Before BARRY and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Appellants, Josephine Storey (Storey), Braintrim Township, Wyoming County and Wyalusing Area School District appeal from the January 11, 1989 order of the Court of Common Pleas of Susquehanna County which dismissed Appellants' 1985 tax appeal from tax assessment by the Susquehanna County Board of Assessment (Board) against property owned by Storey and previously taxed by Wyoming County since 1921.

Questions presented for review are whether the Board failed to meet its burden of proving that the property owned by Storey should be taxed in Wyoming County and not Susquehanna County; whether the trial court erred in relying in part on inadmissible hearsay evidence; whether the doctrine of equitable estoppel prevented the Board from imposing taxes on the Storey property after more than sixty years of taxation in Wyoming County; whether the trial court's decision should be reversed because of the Board's

failure to give notice of its assessment of the property and of the tax appeal to Appellants; whether the Pennsylvania Constitution prevents a boundary line from being altered in a tax assessment appeal; and whether the action of the Board amounts to an improper annexation of property without due process of law.

The following facts are pertinent to the resolution of this case. Susquehanna County was created by an Act of the Legislature on February 22, 1810 (1810 Act). In this regard, the trial court notes that:

> The southern line of Susquehanna County adjoins Lackawanna County on the east and forms the northern boundary of Lackawanna County. To the west of Lackawanna county, the southern boundary of Susquehanna County is also the northern boundary of Wyoming County.

January 16, 1986 Trial Court Opinion, p. 4. The 1810 Act provides that the southern line in Susquehanna County starts at a point due east from the head of Wyalusing Falls and continues east over to Wayne County. However, none of the current maps of Susquehanna County follow the southern boundary line as described in the 1810 Act. In 1842, a commission was appointed by the legislature on April 4, 1842, to establish Wyoming County from a part of Luzerne County (1842 Report). The commission's report shows the direction of the line separating Susquehanna and Wyoming Counties as 88°, whereas the Susquehanna County map shows the direction of this line as being 82° 15'. In 1891, another commission was formed to establish the disputed boundary line between Susquehanna and Lackawanna Counties which is to the east of Wyoming County. The 1891 Report was accepted by the Court of Common Pleas of both counties, thereby conclusively establishing the boundary between Susquehanna and Lackawanna Counties.

The property which is the subject of this dispute is owned by Storey by virtue of a conveyance by deed dated August 5, 1955 which was recorded in Wyoming County. The property is located partly in Braintrim Township, Wyoming County and Auburn Township, Susquehanna County. Tax

records show that this property was taxed in Wyoming County continuously for more than sixty years. On February 5, 1985, Storey received a notice of tax assessment from the Board informing her that the property would be taxed in Susquehanna County. An appeal was filed in Susquehanna County; however, no notice of the appeal was given to Wyoming County, Braintrim Township or Wyalusing Area School District. A change in the tax assessment would also result in a change in school districts. The Board denied the appeal. No notice of the denial was given to Wyoming County, Braintrim Township or Wyalusing Area School District. Trial Court Findings of Fact, Nos. 1–6.

The denial was appealed by the Appellants to the Susquehanna County Court of Common Pleas which after conducting hearings on September 26, 1985 and December 5, 1985 dismissed the appeal. On appeal to this Court, the trial court's order was vacated and the case was remanded on the basis that the trial court erred in relying upon the 1891 Report rather than the 1842 Report in establishing the boundary for Wyoming County. This Court further directed the trial court to make findings concerning the location of the Storey property on the basis of the 1842 Report since the boundary line established by that report would prevail in the event of a discrepancy over the boundary line established by the 1810 Act. *Storey v. Susquehanna County Board of Assessment,* 109 Pa.Cmwlth. 418, 531 A.2d 542 (1987). Upon remand, additional testimony was heard by the trial court on July 26, 1988 and September 30, 1988 which once again dismissed the appeal.

At hearings before the trial court, the Board presented the testimony of Ronald Gruzesky, a certified surveyor. Mr. Gruzesky testified that based upon a reading of the 1842 Report which created Wyoming County, the Storey property was located in Susquehanna County. Appellants presented the testimony of Duane Bishop, also a certified surveyor who pointed out several errors in Mr. Gruzesky's surveying techniques. The trial court in its findings relied upon the testimony of Mr. Gruzesky that the Storey proper-

ty was located in Susquehanna County as it was 314 feet north of the Susquehanna–Wyoming County boundary lines. The trial court determined that Susquehanna's map as prepared by its surveyor accurately portrayed the boundary line as established by the 1842 Report.

Appellants argue that although the trial court correctly assigned the burden of proof to the Board, the evidence presented by the Board did not meet its burden of proof. Appellants contend that this is no longer a tax assessment appeal but rather a controversy between two counties over the location of a legislatively established boundary line. Further, Appellants claim that in order to meet its burden of proof the Board should petition this Court to designate a court of a county not affected nor adjoining any of the counties involved in these proceedings to appoint a commission to determine a boundary line.

■ As Appellants correctly note, an exclusive procedure for establishing boundary lines is set forth in Section 302 of the Act of August 9, 1955 (Act), P.L. 323, as repealed in part and amended by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 16 P.S. § 302. The Appellate Court Jurisdiction Act of 1970 repealed that part of the statute which had originally vested jurisdiction in the Superior Court and instead vested jurisdiction in this Court. The Act provides in pertinent part:

(a) The [Commonwealth] Court, upon the filing of such petition, shall designate a court of a county not affected by the question and not adjoining any of the counties involved to act in the proceeding. The court so designated shall sit in its home county.

(b) If it appears to the court so designated that the county line, or any part thereof, shall be surveyed or marked, it shall appoint a commission, composed of three surveyors or professional engineers in civil engineering, to act for the court as hereinafter provided.

The designated court of common pleas has the discretion to appoint a commission to resolve a boundary line dispute. Section 305(a) of the Act, 16 P.S. § 305(a), which sets forth

procedures for readjusting a boundary line where that line becomes inconvenient or improper, was abrogated by Article IX, § 8 of the Pennsylvania Constitution. Previously, 16 P.S. § 305(a) provided that once the commission had ascertained the line, it was to report to the court which appointed the commission and recommend that a new line be established in whole or in part. Article IX, § 8 provides that the General Assembly had until April 23, 1970 to enact uniform boundary altering legislation. The failure of the General Assembly to act thus abrogated all pre-existing legislation leaving initiative and referendum as the sole methods for changing boundary lines. *Derry Township Supervisors v. Borough of Hummelstown*, 458 Pa. 396, 326 A.2d 342 (1974); *Ekin v. Board of Commissioners of the County of Allegheny*, 93 Pa.Cmwlth. 528, 502 A.2d 303 (1985), *appeal dismissed*, 516 Pa. 19, 531 A.2d 1109 (1987).[1]

■ Here, Susquehanna County has failed to meet its burden of proof as it failed to petition this Court pursuant to 16 P.S. § 302.[2] Accordingly, as the trial court abused its discretion in changing the tax assessment from Wyoming to Susquehanna County, its order is therefore reversed.

## ORDER

AND NOW, this 15th day of December, 1989, the order of the Court of Common Pleas of Susquehanna County is reversed.

BARRY, J., concurs in the result only.

---

**1.** Historically, a county line can be relocated only through the appointment of a commission. *See In re: Huntingdon County Line*, 8 Pa.Super. 380 (1898).

**2.** Based on this Court's ruling herein, Appellants' remaining contentions need not be addressed.